UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDRE MARKS

        Petitioner,

v.

A, NEIL CLARK,

        Respondent.

CASE NO. C09-5148BHS

REPORT AND RECOMMENDATION

Noted for August 7, 2009

Petitioner Antolin Andrew Marks, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement, "ICE", (Dkt. 7). Petitioner requests that he be released from custody, arguing that he is being indefinitely detained contrary to the mandate in Zadvydas v. Davis, 533 U.S. 678 (2001). This is the sixth habeas petition petitioner has filed in this Court.[1] The underlying Petition for a Writ of Habeas Corpus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636(b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4.

---

[1] See Hopper v. Roach et. al., 05-01812RSL-MAT; Marks v. Clark, et. al., 06-00717RSL-MAT; Marks v. Clark, et. al., 06-01796RSM-MAT; Marks v.Clark, 07-01897MJP-JPD

REPORT AND
RECOMMENDATION - 1

Since the filing of this petition ICE has released petitioner from confinement because the Trinidad government will not issue travel papers to a person who claims not to be a citizen of Trinidad. (Dkt. # 15). There is no indication petitioner assisted in obtaining the travel documents.

Respondent has moved to dismiss the petition (Dkt # 15). Petitioner has replied (Dkt. # 18). Respondent argues the petition is moot as a result of the release of petitioner. Petitioner argues that even if his release moots part of the petition the claim for injunctive relief and request to determine that Wayne Ricky Elison Rudder is a United States citizen are still properly before the court. Petitioner asks for an injunction that would prevent his being taken back into ICE custody unless travel documents have been obtained. Having reviewed the entire file this court concludes that the issue of release is moot, petitioner lacks standing to ask for injunctive relief, and because of the deportation posture of this case, only the Ninth Circuit can address the issue of the citizenship of petitioner.

## FACTUAL AND PROCEDURAL BACKGROUND

These facts are taken from the Report and Recommendation in Marks v Clark, 07-1897MLP/JPD:

> Petitioner has used or has been known by over fifty aliases, including Vincent Daniel Hopper, Wayne Ricky Elison Rudder, and Antolin Andrew Marks. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L508-509-Pt. 1; L567-Pt. 1; L571-Pt. 1). Petitioner's fingerprints match the fingerprints of alien Wayne Ricky Elison Rudder, who is a native a citizen of Trinidad and who was admitted to the United States on or about March 7, 1974, as an immigrant. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L383-84-Pt. 1; R1034-35-Pt. 1;R1021-Pt. 1).
>
> On or about September 24, 1991, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC"), charging petitioner with being deportable from the United States for having been twice convicted of Possession of a Controlled Substance. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L555-69-Pt. 1; R301-302-Pt. 1). Petitioner appeared for his deportation hearing before an Immigration Judge ("IJ") and admitted the allegations contained in the OSC and

REPORT AND
RECOMMENDATION - 2

conceded deportability as charged. Instead of deportation, petitioner filed an application for waiver of inadmissibility under INA § 212(c) and an application for asylum and withholding of deportation. On July 26, 1993, the IJ denied petitioner's applications, and ordered him deported from the United States to Trinidad on the charges contained in the OSC. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R999- 1021-Pt. 1). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who denied the appeal on November 4, 1993. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1022-31-Pt. 1). On November 18, 1993, petitioner filed a direct appeal of the BIA's decision in the Ninth Circuit Court of Appeals, which was dismissed for lack of jurisdiction. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. # 37 at R753-54-Pt. 1). Petitioner also filed a Petition for Emergency Stay of Deportation in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed on December 6, 1993, for improper venue. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R755-57-Pt. 1). On December 8, 1993, petitioner filed a Motion for Emergency Stay of Deportation with the United States Supreme Court, which was denied the same day. (*Hopper v. Roach*, Case No. C05- 1812-RSL, Dkt. #37 at R842-872-Pt. 1; L278-Pt. 1). On December 9, 1993, petitioner was removed from the United States to Trinidad. (*Hopper v. Roach*, Case No. C05-1812-RSL Dkt. #37 at L269-70-Pt. 1; L274-Pt. 1).

On January 14, 1994, only one month after he had been removed, petitioner illegally reentered the United States without inspection. He remained in the United States illegally for more than eleven years before he was discovered at the California State Prison- Solano, where he was serving a sentence for a conviction for Grand Theft. On August 18, 2005, petitioner was released from the California State Prison and transferred to ICE custody. Petitioner claimed that he was Daniel Vincent Hopper, born in Los Angeles, California, and that he had been deported to Trinidad in 1993 illegally. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R996- 98-Pt. 1). A fingerprint comparison performed by the Department of Homeland Security Forensic Laboratory showed that petitioner's fingerprints matched the fingerprints of an alien who went by the alias Ricky Elison Rudder who had been deported to Trinidad on December 9, 1993. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1033-34-Pt. 1).

On August 18, 2005, petitioner was served with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, placing him in removal proceedings and charging him with removability for entering the United States without being admitted or paroled, and for reentering the United States after being ordered deported without being admitted or paroled. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L530-35-Pt. 1). On September 26, 2005, petitioner appeared before an IJ, claiming that this was a case of mistaken identity and that he was wrongfully removed in 1993. On October 12, 2005, petitioner filed an application for asylum and withholding of removal. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L583-576-Pt. 1). His case was scheduled for trial on February 22, 2006, on the issues of removability and asylum from Trinidad. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1043-1045-Pt. 1; Dkt. #39 at 3 n.1).

On March 23, 2006, however, petitioner was transferred to the custody of the Tacoma Police Department for extradition to California pursuant to a September 1, 2005, warrant for petitioner's arrest for a parole violation. (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #59). On March 28, 2006, ICE filed a motion in the Immigration Court requesting that petitioner's pending removal proceedings be administratively closed because petitioner was no longer in ICE custody. On March 29, 2006, the IJ issued an Order administratively closing petitioner's removal proceedings. (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #58, Ex. B). On April 11, 2006, petitioner returned to the NWDC after California officials decided not to extradite him, and his removal proceedings were reopened.

After a removal hearing, the IJ denied petitioner's application for asylum, withholding of removal, and withholding of removal under Article III of the Convention Against Torture, and ordered him removed to Trinidad and Tobago on December 1, 2006. (Dkt. #22). Petitioner appealed the IJ's decision to the BIA, who dismissed the appeal on April 11, 2007. Petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals. *Rudder v. Gonzales*, No. 07-71756 (9th Cir. filed May 3, 2007). The Ninth Circuit dismissed the Petition for Review on June 25, 2007.

(Marks v Clark, 07-1897MJP/JPD Dkt. # 25, pages 2 to 5)(Footnotes omitted). Since June 25, 2007, ICE has attempted to obtain travel documents. The parties disagree as to whether it will be possible to obtain those documents. On May 8, 2009, pursuant to the Attorney General's discretion granted in INA § 241 (a), and 8 U.S.C. § 1231 (a) petitioner was released from custody.

## DISCUSSION

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Under Section 241(a)(6), the Attorney General may detain an alien beyond the 90-day removal period. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien indefinitely

REPORT AND
RECOMMENDATION - 4

beyond the removal period or only for a period reasonably necessary to secure the alien's removal." Zadvydas, 533 U.S. at 682. The petitioners in Zadvydas could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." Id. at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." Id. at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. Id. at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. Id. at 701. The six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien must be held in confinement until it has been determined that there is no significant likelihood of removal in the foreseeable future." Id at 701.

Petitioner's release on May 8, 2009, moots the question of whether petitioner was being held improperly. Thus, the court should not determine whether petitioner was assisting to get travel documents, or whether there was a significant likelihood of removal in the foreseeable future.

Petitioner also asks for an injunction that would prevent ICE from taking him back into custody unless they have obtained travel documents. Petitioner lacks standing to seek injunctive relief. To have standing, the threat of injury must be real and immediate, not hypothetical or based

on conjecture. O'Shea v. Littleton, 414 U.S. 488 (1974); City of Los Angeles v. Lyons, 461 U.S. 95 (1983). Petitioner's argument that he might be taken into custody and held without ICE having travel documents is conjecture on his part. The petitioner lacks standing and the court therefore lacks jurisdiction to entertain the request for injunctive relief.

The only remaining issue is petitioners claim that the court can determine the citizenship of Wayne Ricky Elison Rudder. Petitioner is mistaken. This request arises in the context of removal proceedings and the United States has obtained a final order of removability. The honorable Judge Pechman considered this issue in Marks v Clark,07-1897MJP/JPD. Judge Pechmen held:

> A claim to citizenship may be initiated in two ways: a declaration of citizenship may be sought under 8 U.S.C. § 1503(a) or a claim may be brought under 8 U.S.C. § 1252(b)(5). Under § 1503(a), an individual may seek a declaration of citizenship in any federal court. For instance, an individual may affirmatively seek proof of his or her citizenship by filing an Application for Citizenship with the U.S. Citizenship and Immigration Services (USCIS). Id. at 397. If the application is denied by USCIS, the individual may appeal to the Administrative Appeals Unit (AAU). Id. If he or she loses the appeal and has exhausted all administrative channels, 8 U.S.C. § 1503(a) provides that the individual may seek judicial declaration of citizenship. Id. Section 1503(a) provides that an individual may institute an action to declare citizenship in any court of the United States under 28 U.S.C. § 2201, "except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding . . . or (2) is in issue in any such removal proceedings." Id. at 397. Because the issue of Petitioner's citizenship arose in connection with a removal proceeding, this Court does not have jurisdiction under § 1503 to consider his citizenship. See Rios-Valenzuela v. Dep't of Homeland Sec., 506 F.3d 393, 398 (5th Cir. 2007) (holding that § 1503 precludes district court jurisdiction over the petitioner's citizenship claim because the issue of his citizenship originated in connection with his removal proceeding).
>
> Under § 1252(b)(5), district courts have jurisdiction over petitioners' challenges to final orders of removal, but "[t]he sole and exclusive avenue" for review of a nationality claim is by direct petition for review to the Court of Appeals. See Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002) (holding that under 8 U.S.C. § 1252(b)(5) a claim of U.S. nationality must be brought in the circuit court); see Cartagena-Paulino v. Reno, No. 00 Civ. 2371, 2003 U.S. Dist. WL 21436224, at *3 (S.D.N.Y. June 20, 2003) (finding that the sole and exclusive method for review of a claim of nationality is by petition for review to the Court of Appeals). Upon circuit court review of the petition, "[i]f the

| | |
|---|---|
| 1 | petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). But if "the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States . . . for a new hearing on the nationality claim . . .". 8 U.S.C. § 1252(b)(5)(B). Petitioner has already pursued this avenue and failed when the Ninth Circuit dismissed his petition for review. As such, this Court does not have jurisdiction to consider Petitioner's citizenship claim under § 1252(b)(5) or under § 1503(a). |

(Marks v. Clark, 07- 1897MJP/JPD, Dkt. # 35, pages 8 to 10). This court agrees with Judge Pechman's reasoning. The citizenship claim in this case is a result of the deportation proceedings. This court may not entertain this issue.

## CONCLUSION

Thus court recommends that this petition be denied. The request for release is moot, the petitioner lacks standing to seek injunctive relief, and the court cannot entertain the request to determine citizenship as a result of the deportation proceedings. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 7, 2009, as noted in the caption.

DATED this 13th day of July, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 7